UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **LELAND FOSTER**, | )<br>) |
| Plaintiff, | )<br>) Case No. 15-897 |
| v. | )<br>) |
| **WESBAR INC**, a Michigan Corporation for Profit | ) Judge:<br>)<br>) |
| *DBA* | )<br>) |
| **The Days Inn – Manistee** | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, LELAND FOSTER, individually, by and through the undersigned counsel, Owen B. Dunn, Jr, hereby files this Complaint against Defendant, WESBAR, INC, a Michigan Corporation for Profit, *DBA* The Days Inn – Manistee for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which

governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Western District of Michigan as venue lies in the judicial district of the property situs.  The Defendant's property and operations are located in, and does business within, this judicial district.

## PARTIES

4. Plaintiff, LELAND FOSTER ("Plaintiff" or "Leland Foster"), is an Ohio resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Leland Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Leland Foster has difficulty grasping with his hands as a result of his disability. As such, Plaintiff is substantially limited in performing one or more life activities, including but not limited to, standing and walking.  Plaintiff has visited the property that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property.  Plaintiff has encountered the architectural barriers at the subject property.  The barriers to access the property have endangered his safety.

6. Mr. Foster is an avid adaptive sports enthusiast and participates regularly with the active

Northwest Michigan adaptive sports community, including in local marathons, half marathons, hand cycle events, snow skiing and adaptive water skiing at the areas many lakes with the various local organizations and other enthusiasts in the community. Leland Foster frequents many establishments in the County of Manistee and has visited and been a customer at the Defendant's hotel, the Days Inn – Manistee, which forms the basis of this lawsuit, on May 29, 2015 and plans to return to the property to avail himself of the goods and services offered to the public at the property.  The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered his safety.

7. Defendant WESBAR, INC *DBA* The Days Inn – Manistee (hereinafter "Defendant" or "the hotel") operates and owns a place of public accommodation at issue. Said hotel operates at 1762 U.S. 31 South, Manistee MI in Manistee County. Upon information and belief, the Days Inn owned by Defendant is non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA.  Defendant's hotel, as a place of public accommodation, fails to comply with the ADA and its regulations.

8. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access,

or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

9. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the hotel again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages

and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

11. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant have 10 or fewer employees and gross receipts of $500,000 or less).

12. A preliminary inspection of the hotel owned by Defendant has shown that many violations of the ADA exist. These violations include, but are not limited to:

<u>Parking and Accessible Routes at the Hotel:</u>

A. The hotel fails to provide van accessible parking, in violation of the ADA whose remedy is readily achievable;

B. The hotel's designated Accessible Parking has missing or non-compliant access aisles, in violation of the ADA whose remedy is readily achievable;

C. There is no meaningful access to the access aisles, in violation of the ADA whose remedy is readily achievable;

D. There are an insufficient number of accessible parking spaces, in violation of the ADA whose remedy is readily achievable;

E. There is not a curb-accessible ramp for wheelchair access, in violation of the ADA whose remedy is readily achievable;

F. Objects on the sidewalk including garbage cans and ashtrays obstruct accessible routes, in violation of the ADA whose remedy is readily achievable;

<u>Access to Goods and Services</u>

G. The hotel's front desk transaction counter sits in excess of 36", in violation of the ADA whose remedy is readily achievable;

    H.     The house phones throughout the hotel are mounted in excess of allowable reach range in violation of the ADA whose remedy is readily achievable;

    I.     The hotel's spa fails to provide handicap accessible means of entry at its spa whereas at least one is required, in violation of the ADA whose remedy is readily achievable;

    J.     The hotel's swimming pool fails to provide handicap accessible means of entry at the swimming pool where as at least two are required, including an adaptive pool lift, in violation of the ADA whose remedy is readily achievable;

Handicap Accessible Guestroom

    K.     The "handicap accessible" guestrooms at the hotel provide coat racks and closet racks that are mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable;

    L.     The guestroom door fails to provide a lowered peephole for use by handicapped persons, in violation of the ADA whose remedy is readily achievable;

    M.     The guestroom's door latch mechanism is mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable;

    N.     The amenities throughout the guestroom are mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable;

    O.     The guestroom's curtain wands require tight clasping or gripping to open and are not located within allowable reach range, in violation of the ADA whose remedy is readily achievable;

    P.     The operable parts on the guestroom safe are mounted below the required reach range, in violation of the ADA whose remedy is readily achievable;

Q. The water closet in the bathroom provides a flush control that fails to be mounted appropriately on the open side of the fixture, in violation of the ADA whose remedy is readily achievable;

R. The lavatory fails to provide sufficient knee clearance, in violation of the ADA whose remedy is readily achievable;

S. The lavatory's pipes fail to be insulated in order to protect from scalding in violation of the ADA whose remedy is readily achievable;

T. The lavatory impairs required clear floor space of the tub, in violation of the ADA whose remedy is readily achievable;

U. The bathroom provides improperly mounted or missing grab bars in the accessible Tub, in violation of the ADA whose remedy is readily achievable;

V. The tub controls are improperly accessible, in violation of the ADA whose remedy is readily achievable;

W. The Detachable Shower head is mounted in excess of allowable reach range and does not have an on/off control with non-positive shut off, in violation of the ADA whose remedy is readily achievable;

X. The hotel fails to provide a Designated Accessible Guestrooms fitted with a roll in shower whereas at least one is required, in violation of the ADA whose remedy is readily achievable; and

Policies & Procedures

Y. The operator and owner of the hotel lacks or has inadequate defined policies and procedures for the assistance of disabled patrons at its place of public accommodation.

13. The discriminatory violations described in paragraph 12 are not an exclusive list of the violations committed by the Defendant under the ADA or its regulations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

14. Plaintiff restates the allegations of ¶¶1-13 as if fully rewritten here.

15. The hotel owned by the Defendant is a place of public accommodation and service establishment, and as such must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

16. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the businesses therein on the basis of his disability, due to Defendant' property failing to be in compliance with Title III of the

      Americans with Disabilities Act and its accompanying regulations. as prohibited by 42 U.S.C. § 12182, *et seq.,* and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

17. The Plaintiff, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

18. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

**COUNT II**
**VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT**
**M.C.L. § 37.1301 et seq.**

19. Plaintiff restates the allegations of ¶¶1-18 as if fully rewritten here.

20. The hotel, as owned by Defendant WESBAR, INC. is a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

21. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

22. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and punitive damages,

and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

\s\ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq.
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net
P66315